**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EMMA C. LIVELY,
                    *Plaintiff-Appellee,*

v.

WILD OATS MARKETS, INC., a
Delaware corporation,
                    *Defendant-Appellant.*

No. 04-56682

D.C. No.
CV-04-00117-RGK

OPINION

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted
May 4, 2006—Pasadena, California

Filed July 27, 2006

Before: Michael Daly Hawkins and Richard A. Paez,
Circuit Judges, and Neil V. Wake,* District Judge.

Opinion by Judge Paez

---

*The Honorable Neil V. Wake, United States District Judge for the District of Arizona, sitting by designation.

## COUNSEL

Richard M. Koep and James A. Rossi, Crandell Wade & Lowe, Calabasas, California, for the defendant-appellant.

Leonard M. Tavera, Towle, Denison, Smith & Tavera, LLP, Los Angeles, California, for the plaintiff-appellee.

## OPINION

PAEZ, Circuit Judge:

Defendant-Appellant Wild Oats Market, Inc. ("Wild Oats") appeals the district court's order remanding this action to state court. Wild Oats removed this action to the District Court for the Central District of California alleging that, because the parties were completely diverse and the amount in controversy exceeded $75,000, diversity jurisdiction existed under 28 U.S.C. § 1332, and therefore removal was proper under 28 U.S.C. § 1441(a).[1] Plaintiff-Appellee Emma C. Lively

---

[1]In its notice of removal, Wild Oats stated that "this action may be removed . . . pursuant to the provisions of 28 U.S.C. Section 1441(b)."

("Lively") did not object to the removal. However, after the case had been pending in the district court for approximately eight months, the court, acting *sua sponte* and invoking its authority under 28 U.S.C. § 1447(c), determined that diversity jurisdiction did not exist because Wild Oats, contrary to the removal requirement of 28 U.S.C. § 1441(b), was a citizen of the state of California. Treating this requirement as a jurisdictional limitation on Wild Oats' right of removal under § 1441(a), the district court remanded Lively's action to state court.

Although Wild Oats does not dispute that it is a citizen of California and therefore a forum defendant within the meaning of § 1441(b),[2] it argues that its violation of the forum defendant rule was a procedural defect in the removal process, which Lively had to raise within the 30 days following removal as required by § 1447(c). Because Lively did not object within the 30-day period, Wild Oats argues that Lively waived the defect and that the district court lacked authority to remand the case to state court.

We must decide whether the forum defendant rule contained in § 1441(b) is jurisdictional or procedural, and thus whether a violation of this rule constitutes a jurisdictional or procedural defect. This issue has been addressed by nine of

---

Because Wild Oats' removal was based on diversity jurisdiction, we assume that Wild Oats meant to state that removal was proper under § 1441(a), not § 1441(b).

[2]Section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2006).

our sister circuits. It is, however, an issue of first impression in this circuit.[3] We join eight of the nine circuits that have decided this issue and hold that the forum defendant rule is procedural,[4] and therefore a violation of this rule is a waivable defect in the removal process that cannot form the basis for a district court's *sua sponte* remand order. Because the forum defendant rule is non-jurisdictional, we further hold that 28 U.S.C. § 1447(d) does not bar appellate review of the district court's remand order, which was based on Wild Oats' violation of the forum defendant rule.

## I.   Background

On September 26, 2003, Lively filed a personal injury action against Wild Oats in state court seeking damages for a

---

[3]Although we have not directly addressed the nature of the forum defendant rule, this issue was raised in *Spencer v. United States Dist. Court for the N. Dist. of Cal.*, 393 F.3d 867 (9th Cir. 2004). *Spencer* involved a post-removal joinder of a local, diverse defendant. In determining that the joinder did not necessitate a remand to state court, "[t]he district court determined that the 'forum defendant' rule is procedural rather than jurisdictional." *Id.* at 869. We affirmed, holding that the district court did not err in determining that diversity jurisdiction was not destroyed by the post-removal joinder. *Id.* at 868. The basis for our decision was the fact that the local defendant was joined *after* the case had been removed to federal court, and, therefore, the defendants did not violate the forum defendant rule at the time of removal. *Id.* at 871. Notably, we affirmed the district court's ruling without expressing disagreement with its characterization of § 1441(b) as a procedural rule.

[4]Part of the difficulty with this issue may be attributed to semantics. The forum defendant rule does not fit neatly within the traditional meaning of removal procedure—a concept that 28 U.S.C. § 1446 reserves for more programmatic rules, such as filing deadlines and service requirements. Perhaps a more accurate descriptor for the forum defendant rule in § 1441(b) is one which does not detract from its substantive nature, such as "non-jurisdictional." We acknowledge, however, that our sister circuits often use the term "procedural," and that there exists a conventional dichotomy of jurisdiction and procedure in the context of removal proceedings under § 1441(b). We therefore use both "procedural" and "non-jurisdictional" interchangeably to describe the forum defendant rule.

slip and fall accident that occurred in one of Wild Oats' California stores. On January 8, 2004, Wild Oats filed a notice of removal pursuant to 28 U.S.C. § 1441(e), asserting that diversity jurisdiction existed under 28 U.S.C. § 1332 because it was a citizen of Delaware, its state of incorporation, and Colorado, its principal place of business, and that Lively was a citizen of New York. Wild Oats also alleged that the amount in controversy exceeded $75,000. Lively did not object to the removal.

On August 25, 2004, after discovery ensued and after Wild Oats filed a motion for summary judgment, the district court issued an order to show cause why the case should not be remanded to state court. According to the district court, "removal appear[ed] to be improper" because Wild Oats' principal place of business was California, not Colorado. Wild Oats insisted that removal was proper even if it were a California citizen because diversity jurisdiction still existed, and therefore the district court could only remand the case to state court if Lively so moved within the 30-day time limit imposed by 28 U.S.C. § 1447(c). Because the time limit had expired, Wild Oats argued that the district court could not order a remand.

The district court nonetheless remanded the case to state court for lack of subject matter jurisdiction. As noted, the district court determined that removal was improper because Wild Oats, a California citizen and local defendant, violated the forum defendant rule contained in § 1441(b). The court determined that this violation "constitute[d] a jurisdictional defect" and therefore remand was "timely and proper" pursuant to § 1447(c). Wild Oats timely appealed.

## II. Discussion

### *Jurisdiction & Standard of Review*

Lively argues that we lack jurisdiction to address whether the forum defendant rule is jurisdictional or procedural

because § 1447(d) bars appellate review of the district court's remand order, which was based on a lack of subject matter jurisdiction pursuant to § 1447(c). We disagree. As explained below, although § 1447(d) limits appellate review of district court remand orders, this does not mean that we must simply turn this case away because the district court asserted that it lacked jurisdiction and assume that the remand was authorized by § 1447(c). Rather, we must determine whether the district court correctly applied § 1447(c) by deciding that the forum defendant rule is a jurisdictional limitation that may be invoked *sua sponte* at any time. In so doing, we determine our own jurisdiction. *See Special Invs., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004) ("We, of course, have jurisdiction to determine our own jurisdiction.").

**[1]** In addition to one inapplicable exception, § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The Supreme Court has cabined this broad language by construing § 1447(d)'s bar on appellate review as applicable only to remand orders issued pursuant to § 1447(c). *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976) (stating that §§ 1447(d) and (c) "must be construed together . . . . This means that only remand orders issued under § 1447(c) and invoking grounds specified therein . . . are immune from review under § 1447(d)"), *abrogated on other grounds in Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).[5] Section 1447(c) provides, in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the

---

[5]The Supreme Court recently reiterated § 1447(c)'s limitation on the scope of § 1447(d). *Kircher v. Putnam Funds Trust*, ___ U.S. ___, 126 S. Ct. 2145, 2153 (2006) ("In *Thermtron*, we held that § 1447(d) applies only to remands based on the grounds specified in § 1447(c), that is, a defect in removal procedure or lack of subject matter jurisdiction.").

notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (2006). Following the Supreme Court's direction, this court has determined that, taken together, §§ 1447(c) and (d) bar appellate review of a remand order only if the district court had authority to remand under § 1447(c). *Kelton Arms Condo. Owners Ass'n., Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1191 (9th Cir. 2003) ("If . . . the district court had the power to remand *sua sponte* under section 1447(c), section 1447(d) would apply, and we would have no jurisdiction to review even if the remand was erroneous.").

**[2]** Lively is correct that *if* the district court remanded under its § 1447(c) authority, we would lack jurisdiction to review the order. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 963 (9th Cir. 2004); *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1387 (9th Cir. 1989); and *Kunzi v. Pan Am. World Airways, Inc.*, 833 F.2d 1291, 1293 (9th Cir. 1987). Rather than assuming the existence of this authority, as Lively would have us do, we must determine its veracity—we must determine whether the district court had the authority under § 1447(c) to remand. Stated differently, the question raised on appeal is not whether the district court's remand order was correct, but whether the district court exceeded the scope of its § 1447(c) authority by issuing the remand order in the first place. Such an inquiry is well within our jurisdictional bounds—because it "takes aim at the district court's *authority* to issue the remand order, we have jurisdiction." *In re Ford Motor Co./Citibank*, 264 F.3d 952, 965 (9th Cir. 2001); *see also N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) ("[U]nder *Thermtron*, we have jurisdiction to decide whether a district court has the power to do what it did [in issuing a remand order], although we cannot examine

whether a particular exercise of power was proper." (internal quotation marks and citations omitted) (second alteration in original)).[6]

[3] Therefore, because, as the Third Circuit noted in *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 47 (3d Cir. 1995), our jurisdiction is "inextricably inter-twined" with the district court's remand authority, we must consider them together. In an effort to determine the district court's authority to issue the remand order, we must address the underlying merits of the district court's ruling—whether the forum defendant rule is jurisdictional or procedural in nature. That is, "[t]his is one of those rare cases in which we must decide the merits [of the appeal] to decide [the propriety of our] jurisdiction." *Kelton*, 346 F.3d at 1192; *see also Abada v. Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1118 (9th Cir. 2002) ("In this case, resolution of the substantive legal question was a necessary predicate to deciding the existence of subject matter jurisdiction."). In sum, we have "jurisdiction to decide jurisdiction,"[7] and therefore turn to the merits of the district court's remand order. *Kelton*, 346 F.3d at 1192.

---

[6]Lest there be any confusion, our review of the remand order does not conflict with this court's case law that bars review of § 1447(c) remand orders. In *Kunzi*, for example, we refused to review a district court's remand order because we concluded that it was based on a "jurisdictional determination that *falls within section 1447(c)*, and is thus unreviewable." 833 F.2d at 1294 (emphasis added). The basis for the jurisdictional bar in *Kunzi* was not the mere fact that the district court cited § 1447(c) in its remand order, but rather our determination that the district court remanded based on a jurisdictional ground, within its § 1447(c) authority. This is the precise determination we must make in the present case.

[7]Our jurisdiction is premised on 28 U.S.C. § 1291. Although the district court did not enter a final judgment on the merits of Lively's slip and fall claim, its remand order had the force of a final order given that it "put the litigants effectively out of [federal] court." *Quackenbush*, 517 U.S. at 713 (internal quotation marks omitted); *see also Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002).

We review *de novo* a district court's decision to remand a removed case and its determination that it lacks subject matter jurisdiction. *Neb. ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 678 (9th Cir. 1998); *United States v. Peninsula Commc'ns., Inc.*, 287 F.3d 832, 836 (9th Cir. 2002). We also review *de novo* a district court's interpretation and construction of a federal statute. *SEC v. McCarthy*, 322 F.3d 650, 654 (9th Cir. 2003).

### *Forum Defendant Rule*

**[4]** Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state. As explained below, we hold that this additional limitation on diversity-based removal jurisdiction is a procedural, or non-jurisdictional, rule. Our holding is compelled by a close analysis of the legislative history of § 1447(c),[8] the policy rationale of § 1441(b), the prevailing law of our sister circuits, and Supreme Court precedent.

As originally written, § 1447(c) required the district court to remand a case to state court "[i]f at any time before final judgment it appears that the case was *removed improvidently and without jurisdiction.*" 28 U.S.C. § 1447(c) (1948) (emphasis added). Due to the ambiguous nature of the term "improvidently," Congress amended the subsection in 1988 to provide, in relevant part:

> A motion to remand the case on the basis of *any defect in removal procedure* must be made within 30 days after the filing of the notice of removal under § 1446(a). If at any time before final judgment it

---

[8]For a comprehensive overview of the history of § 1447(c), see *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1254-59 (11th Cir. 1999).

> appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, § 1016(c)(1) (emphasis added). Although the new clause, "defect in removal procedure," was an improvement from "improvident," confusion remained over what removal defects triggered the 30-day time limit. *See* David D. Siegel, *Commentary on 1996 Revision of Section 1447(c)*, 28 U.S.C.A. § 1447 (West Supp. 1988). Removal defects that were not traditionally categorized as procedural, but also did not impact subject matter jurisdiction, occupied a grey area in the law. Until Congress enacted further revisions to § 1447(c) in 1996, some courts placed the forum defendant rule in this grey area. *See Snapper*, 171 F.3d at 1258 ("The revised language [of the 1996 Amendments] would seem to address neatly the issue [regarding § 1441(b)] that had concerned courts under the 1988 version, suggesting that removal in violation of § 1441(b) is subject to the 30-day time limit.").

**[5]** As amended in 1996, a remand motion "on the basis of *any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under § 1446(a)." Pub. L. No. 104-219, § 1 (1996) (emphasis added). We agree with the Eleventh Circuit's historical analysis of § 1447(c), which concludes that, by substituting "defect other than lack of subject matter jurisdiction" for "defect in removal procedure," Congress sought to ensure that even the "more substantive" removal defects, such as § 1441(b) violations, were subject to the 30-day time limit. *Snapper*, 171 F.3d at 1257-58. Therefore, although the forum defendant rule is not a traditional rule of removal procedure, as articulated in § 1446, we agree that the 1996 amendments to § 1447(c) subject § 1441(b) violations to the 30-day time limit. *Id.*; *see also* Siegel, *Commentary on 1996 Revision* ("[I]t's awkward to describe as a defect of 'procedure' something that has to do not with mechanics, but with the citizen-

ship of a party. The defect . . . is nevertheless subject to the 30-day limit.").

**[6]** The purpose of the forum defendant rule also supports treating it as a non-jurisdictional requirement. Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. *See Tosco Corp. v. Cmtys. for a Better Env't.*, 236 F.3d 495, 502 (9th Cir. 2001) ("The purpose of diversity jurisdiction is to provide a federal forum for out-of-state litigants where they are free from prejudice in favor of a local litigant." (internal quotations marks omitted)). The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court. A procedural characterization of this rule honors this purpose because the plaintiff can either move to remand the case to state court within the 30-day time limit, or allow the case to remain in federal court by doing nothing. Either way, the plaintiff exercises control over the forum. Although a jurisdictional reading of the rule preserves the plaintiff's right to remand beyond the 30-day limit, it also allows the court to remand *sua sponte*, even if the plaintiff prefers to remain in federal court. *See Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005) ("[J]urisdictional bars cannot be waived by the parties and may be addressed *sua sponte*.").

**[7]** Our interpretation of § 1441(b) comports with eight of the nine circuits that have addressed this issue. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000) (describing a violation of the forum defendant rule as a waivable "procedural defect"); *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule "is more a matter of removal procedure, and hence waivable, than a matter of jurisdiction"); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90

n.3 (3d Cir. 1999) (describing a § 1441(b) violation as a waivable removal defect); *Pacheco De Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998) (same); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991) (same); *Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987) (holding that a violation of the forum defendant rule did not strip the district court of its jurisdiction because it was a "technical" defect that had been waived); *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir. 1970) (describing a § 1441(b) violation as a waivable defect in removal proceedings); *Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir. 1924) (describing removal by a forum defendant as a "technical" violation); *but see Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 n.1 (8th Cir. 1992) (holding that a violation of § 1441(b) is a non-waivable jurisdictional defect).[9]

In contrast to the "overwhelming weight of authority . . . on the 'nonjurisdictional' side of the debate," *Hurley*, 222 F.3d at 379, the Eighth Circuit is the sole circuit on the jurisdictional side. *See Hurt*, 963 F.2d at 1146 n.1. In *Hurt*, the Eighth Circuit reasoned that because removal jurisdiction is a "creature of statute," a violation of one of its statutory requirements, e.g. the forum defendant rule, prevents the district court from exercising jurisdiction over the matter. *Id.* at 1145. Thus, although the remand motion in *Hurt* was untimely, the court held that remand was proper because "subject-matter jurisdiction is not a mere procedural irregularity capable of being waived." *Id.* at 1146. Like the courts that have considered *Hurt*,[10] we reject the Eighth Circuit's

---

[9]Our holding also comports with our case law concerning other statutory removal defects. *See, e.g.*, *Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir. 2002) (holding that the workmen's compensation non-removability statute is non-jurisdictional, and therefore a violation of the statute is waivable and does not divest the district court of jurisdiction).

[10]*See, e.g.*, *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313 n.2 (2d Cir. 2005).

approach. In light of § 1447(c)'s legislative history, the purpose of § 1441(b), and the approach used by the majority of the other circuits, we are not persuaded that the forum defendant rule is a statutory requirement, which, if not met, deprives the district court of original jurisdiction.

In addition to citing *Hurt*, the district court in this case relied on *WRS Motion Picture and Video Lab. v. Post Modern Edit, Inc.*, 33 F. Supp. 2d 876 (C.D. Cal. 1999) to conclude that § 1441(b) imposes a jurisdictional requirement. In so doing, the district court accepted *WRS*'s interpretation of the Supreme Court's decision in *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699 (1972). In *WRS*, a forum defendant removed a breach of contract case to federal court on the basis of diversity jurisdiction. Like the present case, the district court issued a *sua sponte* remand order based on a § 1441(b) violation. In its memorandum remand order, the *WRS* court determined that remand was appropriate because § 1441(b) creates an additional limitation to diversity jurisdiction, and therefore a violation of this constraint precludes subject matter jurisdiction. 33 F. Supp. 2d at 877 n.1, 878.

The *WRS* court recognized that, in *Grubbs*, the Supreme Court held that a removal defect similar to a § 1441(b) violation does not defeat jurisdiction. 405 U.S. at 702; *see also Baggs v. Martin*, 179 U.S. 206, 209 (1900) and *Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 176-77 (1913). The *WRS* court, however, distinguished the case before it on the basis that it had not yet been tried. This distinction misunderstands the import of the Supreme Court's holding in *Grubbs*.

In *Grubbs*, the Supreme Court held that where a removed case is tried on the merits without objection and the federal court enters judgment, the jurisdictional issue on appeal is not whether removal was proper, but whether the district court would have had jurisdiction over the case had it been originally filed in federal court.[11] 405 U.S. at 702. The *WRS* court

---

[11]In addition to a judgment entered after a trial on the merits, we have held that *Grubbs* applies to a summary judgment order that disposes of a

interpreted *Grubbs* as authorizing a remand based on a § 1441(b) violation at any time unless the case proceeded to a judgment on the merits and the federal court would have had jurisdiction had the case been originally filed in federal court. *WRS*, 33 F. Supp. 2d at 876.

Although the district court here was persuaded by this interpretation of *Grubbs*, the *WRS* court misconstrued *Grubbs*'s holding. Despite noting that the removal in *Grubbs* was improper, the Supreme Court held that the district court retained jurisdiction to enter judgment and the defect "may not be raised for the first time on appeal." *Grubbs*, 405 U.S. at 700. A lack of subject matter jurisdiction, however, is a non-waivable defect and "may be raised at any time." *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999). Thus, we agree with the Third Circuit that the Supreme Court, in *Grubbs*, "clearly suggested, even if it did not directly hold, that it does not view the removal statute as imposing independent jurisdictional restrictions on the federal courts."[12] *Korea Exch.*, 66 F.3d at 50. Rather, the Supreme Court distinguished elements of removal procedure, such as the "manner in which the case was brought or how the attendance of the parties in the United States court was secured," from elements of diversity jurisdiction, suggesting that a § 1441(b) violation does not strip the district court of jurisdiction. *Grubbs*, 405 U.S. at 703 (quoting *Mackay*, 229 U.S. at 176-77); *see also Korea Exchange*, 66 F.3d at 49 ("The *Mackay* Court therefore recognized a clear distinction

---

case on the merits. *See Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986).

[12]In *Hurt*, the Eighth Circuit deemed *Grubbs* inapplicable because the *Grubbs* plaintiff did not object to removal whereas the plaintiff in *Hurt* objected in an untimely fashion. 963 F.2d at 1146. However, if the removal statute imposes jurisdictional requirements, as *Hurt* holds, a plaintiff's non-objection on the one hand and untimely objection on the other is a distinction without a difference because either way, the district court has an obligation to determine if it lacked subject matter jurisdiction.

between the removal 'process' [such as 'which party brought the case to federal court'] and restrictions on the subject matter jurisdiction of the federal court over the case."). For the foregoing reasons, we conclude that *Grubbs* does not support the district court's determination that a violation of the forum defendant rule creates a jurisdictional defect that can only be overcome if the case proceeds to a judgment on the merits and the federal court would have had jurisdiction had the case been originally filed in federal court.[13]

In sum, the legislative history of § 1447(c), the policy rationale of § 1441(b), the result reached by the "overwhelming" majority of our sister circuits, and Supreme Court precedent compel our holding.

## III.   Conclusion

[8] We hold that the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c). In this case, because Lively failed to object, the district court exceeded its § 1447(c) authority in ordering a remand. Therefore, we review the district court's remand order pursuant to § 1447(d), and vacate the order and remand for further proceedings consistent with this opinion.

**ORDER VACATED and REMANDED.**

---

[13]The *WRS* court is not the only district court within the Ninth Circuit that has addressed the forum defendant rule. The court in *Geothermal Res. Group, Inc. v. Puna Geothermal Venture*, 216 F. Supp. 2d 1133, 1335 n.3 (D. Haw. 2001), was presented with the same issue and determined that the forum defendant rule was non-jurisdictional.